| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>James N. Lawlor<br>Wollmuth Maher & Deutsch LLP<br>One Gateway Center, Ninth Floor<br>Newark, New Jersey 07102<br>Tel: (973) 733-9200 | |
| In re:<br><br>ZAIS INVESTMENT GRADE LIMITED VII,<br><br>Debtor. | Case No. 11-20243 (RTL)<br><br>Hon. Judge Raymond T. Lyons<br><br>Chapter 11 |

| | | | |
|---|---|---|---|
| Recommended Local Form: | ☐ Followed | ☑ Modified | |

## APPLICATION FOR RETENTION OF JONES DAY AS SPECIAL COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE, AND CERTIFICATE OF COMPLIANCE WITH D.N.J. LBR 2014-1(a)

1. **The applicant, Zais Investment Grade Limited VII ("ZIGL" or the "Debtor"), is the debtor and debtor in possession in the above captioned chapter 11 case.**

   A. On April 1, 2011 (the "Petition Date"), Anchorage Capital Master Offshore, Ltd., GRF Master Fund, L.P., and Anchorage Illiquid Opportunities Offshore Master, L.P. (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") against the Debtor. On April 26, 2011, this Court entered an order for relief under chapter 11 of the Bankruptcy Code (Docket No. 8).

   B. ZIGL is a special purpose vehicle, incorporated on June 10, 2005 as an exempted Cayman Islands company, formed for the sole purpose of: (i) acquiring and managing securities described in more detail below; (ii) issuing notes under the Indenture, dated

October 19, 2005 (the "Indenture"), by and between JPMorgan Chase Bank National Association, as Trustee and Securities Intermediary, and ZIGL, as Issuer; and (iii) engaging in certain related transactions. The stock of ZIGL consists of 250 ordinary voting shares (the "Shares"), all of which have been issued to MaplesFS Limited ("MaplesFS"), a licensed trust company incorporated in the Cayman Islands, which is also the trustee of the Shares pursuant to the Declaration of Trust Relating to Issued Shares of ZAIS Investment Grade Limited VII, dated October 18, 2005. Pursuant to that certain Administration Agreement, dated October 18, 2005, by and between MaplesFS and ZIGL, MaplesFS also acts as the Administrator for ZIGL. In its capacity as Administrator, MaplesFS performs various functions on behalf of ZIGL, including communicating with shareholders and the general public, providing various clerical, administrative and other services and providing directors for ZIGL.

    C. Pursuant to the Indenture, ZIGL issued: (i) $215 million in Class A-1A senior secured notes; (ii) $15 million in Class A-1B senior secured notes (collectively with Class A-1A senior secured notes, the "Senior Notes"); (iii) $27 million in Class A-2 senior secured notes; (iv) $72 million in Class A-3 senior secured notes; (v) $36.5 million in subordinated Class B secured notes[1] (collectively with the Class A-2 senior secured notes, and the Class A-3 senior secured notes, the "Junior Notes" and together with the Senior Notes, the "Notes"); and (vi) $40.001 million in income notes (the "Income Notes").[2] The Notes are secured by all of the assets of ZIGL, comprised primarily of residential mortgage backed securities and other corporate debt obligations (the "Collateral"). Pursuant to that certain Collateral Management Agreement, dated October 19, 2005, by and between ZAIS Group, LLC,

---

[1] The $36.5 million in subordinated Class B secured notes consist of: $7 million in Class B-1A notes; $13 million in Class B-1B notes; $4 million in Class B-2A notes; and $12.5 million in Class B-2B notes.

[2] Concurrently with the issuance of the Notes and Income Notes, ZIGL also issued three tranches of composite obligations consisting of one or more Note components and, in certain instances, an Income Note component.

a Delaware limited liability company, and ZIGL (the "CMA"), ZAIS Group, LLC acts as Collateral Manager. In its capacity as Collateral Manager, ZAIS Group, LLC monitors ZIGL's assets, provides ZIGL with information regarding the Collateral and provides certain other services to ZIGL as set forth in the CMA.

D. The Debtor is managing its assets as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

2. **The applicant seeks to retain Jones Day to serve as special counsel to the Debtor.**

E. Pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the District of New Jersey Local Bankruptcy Rules (the "Local Rules") of the United States Bankruptcy Court for the District of New Jersey, the Debtor seeks the entry of an order authorizing it to retain and employ Jones Day as special counsel, nunc pro tunc as of the Petition Date, with respect to analyzing the Debtor's constituent, administrative, structured loan and collateral management documents and any related litigation matters that may arise in the Debtor's chapter 11 case (collectively, the "Structured Product and Litigation Matters"). In support hereof, attached as Exhibit A and incorporated herein by reference is the Certification of Heather Lennox in Support this Application (the "Lennox Certification"). The Debtor's knowledge, information and belief regarding the matters set forth in this Application are based on and made in reliance upon the Lennox Certification.

F. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. **The employment of Jones Day is necessary because:**

G.  The Debtor believes that the retention and employment of Jones Day is necessary and appropriate to enable the Debtor to execute its duties as debtor and debtor in possession and to preserve and maximize the value of the Debtor's estates for all stakeholders. During the pendency of its chapter 11 case, the Debtor anticipates that it will require counsel to advise and assist it with Structured Product and Litigation Matters. The Debtor has chosen Jones Day as special counsel because, prior to the Petition Date, Jones Day actively represented the Debtor with regard to various matters, including analyzing the Debtor's constituent, administrative, structured loan and collateral management documents as well as advising it with respect to the proposals of certain holders of Senior Notes regarding a restructuring of the Debtor's debt obligations. During this representation, Jones Day became familiar with the Debtor's business and the structured financial product and litigation issues that are likely to arise in the Debtor's chapter 11 case.

H.  The retention of Jones Day under the terms described herein is appropriate under sections 327(e) and 1107(b) of the Bankruptcy Code. Section 327(e) provides for the employment of special counsel where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matter(s) that will be handled by counsel. Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely

because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

I. Accordingly, sections 327(e) and 1107(b) of the Bankruptcy Code authorize the retention of counsel who represented a debtor prior to its petition date provided that: (i) the appointment is in the best interest of the debtor's estate; (ii) counsel does not hold an interest adverse to the estate with respect to the matter(s) for which counsel is to be employed; and (iii) the specified purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. See DeVlieg-Bullard, Inc. v. Natale (In re DeVlieg, Inc.), 174 B.R. 497, 502-05 (N.D. Ill. 1994); see also Century Indem. Co. v. Congoleum Corp. (In re Congoleum Corp.), 426 F.3d 675, 689 (3d Cir. 2005); Bank Brussels Lambert v. Coan (In re AroChem Corp.), 176 F.3d 610, 622 (2d Cir. 1999). As explained more fully below, the Debtor submits that each of these factors is satisfied with respect to Jones Day and, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

J. Moreover, as required by Bankruptcy Rule 2014(a)[3] and Local Rule 2014-1,[4] this Application and the Exhibits attached hereto set forth: (i) the specific facts

---

[3] Bankruptcy Rule 2014(a) provides, in pertinent part, that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

[4] Local Rule 2014-1 further provides, in pertinent part, that:

> [i]n addition to the requirements of Fed. R. Bankr. P. 2014, an application for an order approving employment of a professional personal shall be served upon the debtor, the trustee, the secured creditors, the official committees, and parties requesting notice of all proceedings. Except to the extent that relief is otherwise

- 5 -

NYI-4367512v1

showing the necessity for Jones Day's employment; (ii) the reasons for the Debtor's selection of Jones Day as their structured financial products and litigation counsel in connection with its chapter 11 case; (iii) the professional services proposed to be provided by Jones Day; (iv) the arrangement between the Debtor and Jones Day with respect to Jones Day's compensation; and (v) to the best of the Debtor's knowledge, the extent of Jones Day's connections, if any, to certain parties in interest in the Debtor's chapter 11 case.

4.  **Jones Day has been selected because:**

    K.    With approximately 2,500 lawyers in 34 offices on 5 continents, Jones Day is one of the largest law firms in the world. Jones Day has substantial experience in virtually all aspects of the structured financial products and litigation matters that may arise in its representation of the Debtor in this chapter 11 case. Specifically, Jones Day has considerable experience handling the transactional intricacies of sophisticated financial products and related litigation for leading financial institutions, issuers and investors in the United States, Europe and Asia. Because Jones Day is distinctly familiar with the complexities of regulated and unregulated securities products, such as collateralized debt obligations and the synthetic and cash components that comprise their asset base, it is well-qualified to represent financial institution clients when such products are involved in litigation.

    L.    Given Jones Day's prior experience with the Debtor and its expertise, resources and qualifications relating to structured financial products and related litigation, the Debtor believes that the employment of Jones Day as special counsel for the Debtor will enable the Debtor to avoid the unnecessary expense otherwise attendant to having another law firm familiarize itself with Structured Product and Litigation Matters. For these reasons, the Debtor

---

governed by Fed. R. Bankr. P. 6003, any objection to such application shall be filed and served within 7 days of the filing of the application. A hearing may be conducted on the objection in the Court's discretion.

submits that the employment of Jones Day as special counsel is in the best interest of the Debtor, its estate and its creditors.[5]

5. **The professional services to be rendered are as follows:**

M. Jones Day's retention as the Debtor's special counsel is made pursuant to the terms of this Application and the parties' engagement letter, dated January 26, 2011, incorporated herein by reference and attached hereto as Exhibit B (the "Engagement Letter").[6] The Engagement Letter describes, among other things, the terms and conditions of Jones Day's proposed engagement by the Debtor and the means by which conflicts of interest will be identified, disclosed and avoided. The Debtor anticipates that Jones Day will provide the following legal services: (i) advice regarding issues relating to derivatives trades between the Debtor and the counterparties to such trades; (ii) advice regarding issues relating to the structure of the Debtor's collateralized debt obligations; and (iii) representation of the Debtor in any litigation arising out of the Debtor's corporate or debt structure that is not directly related to the administration of the Debtor's estate, as requested by the Debtor and agreed to by Jones Day.

N. By separate application, the Debtor has sought the Court's approval to retain and employ Wollmuth Maher & Deutsch LLP as the Debtor's general bankruptcy counsel and Maples and Calder as the Debtor's Cayman Islands counsel. Given the different services that each professional is being engaged to provide, the Debtor does not anticipate any overlap of

---

[5] The Debtor believes that the nunc pro tunc retention of Jones Day to April 1, 2011 (the Petition Date) is appropriate to allow Jones Day to seek compensation for fees and expenses incurred between the Petition Date and the date the Court enters an Order approving the retention and employment of Jones Day. This Court has previously granted such relief to similarly situated professionals. See, e.g., In re E.C.D., Inc., No. 09-11467 (Bankr. D.N.J. Feb. 19, 2009) (order authorizing employment of financial advisors nunc pro tunc as of the date that the involuntary petition for relief under chapter 7 was filed against the debtor); see also In re Making Virtual Solid, L.L.C., No. 10-12530 (Bankr. D. Del. Sept. 29, 2010) (order authorizing employment of debtor's counsel nunc pro tunc as of the date that the involuntary petition for relief under chapter 7 was filed against the debtor).

[6] Any references to, or descriptions of, the Engagement Letter herein are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and the descriptions provided herein.

services. Moreover, the Debtor has been informed by Jones Day that it will coordinate with the Debtor's other professionals to ensure that Jones Day's services are, to the maximum extent possible, complimentary to other professionals' services and not duplicative.

6. **The proposed arrangement for compensation is as follows:**

O. The Debtor understands that Jones Day intends to apply separately to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Court's Guidelines Governing Procedures for Payment of Interim Compensation and Reimbursement of Expenses to Professionals Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Guidelines"), all guidelines promulgated by the United States Trustee for the District of New Jersey (the "U.S. Trustee Guidelines") and all other orders of this Court governing payment of professional fees and reimbursement of expenses incurred after the Petition Date. To that end, Jones Day has agreed to submit applications for interim and/or final allowance of compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Compensation Guidelines, the U.S. Trustee Guidelines and any other rules and orders of this Court.

P. Jones Day has further informed the Debtor that the current hourly billing rates for Jones Day professionals expected to spend significant time working on Structured Product and Litigation Matters range from $700 to $950 for partners; $315 to $600 for associates; and $190 to $225 for paralegals.[7] The Debtor respectfully submits that such rates are reasonable and comparable to the rates other firms charge for similar services. For services rendered by Jones Day in this case, the Debtor, subject to the provisions of the Bankruptcy Code,

---

[7] Such hourly rates may change from time to time in accordance with Jones Day's established billing practices and procedures.

the Bankruptcy Rules, the Local Rules, the Compensation Guidelines, the U.S. Trustee Guidelines and orders of the Court, proposes to pay Jones Day its customary hourly rates that are in effect from time to time.

Q. During the year immediately preceding the Petition Date, Jones Day did not receive any payments from the Debtor.

7. **To the best of the applicant's knowledge, Jones Day has no connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth herein and in the Lennox Certification.**

8. **To the best of the applicant's knowledge, the professional (check all that apply):**

    ☐ does not hold an adverse interest to the estate;

    ☐ does not represent an adverse interest to the estate;

    ☐ is a disinterested person under 11 U.S.C. § 101(14);

    ☑ does not represent or hold any interest adverse to the debtor or the estate with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

R. To the best of the Debtor's knowledge, and except as may be set forth in the Lennox Certification, Jones Day does not represent or hold any interest adverse to the Debtor or its estate with respect to the Structured Product and Litigation Matters. The Debtor has been informed that Jones Day will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Jones Day will supplement its disclosure to the Court.

S. Jones Day has informed the Debtor that it is owed approximately $201,647.80 in unpaid fees and expenses by the Debtor as of the Petition Date for services rendered by Jones Day. Jones Day has not yet received payment of any of these outstanding amounts and does not intend to waive its rights to such payment. Jones Day is, therefore, a

prepetition creditor of the Debtor. However, Jones Day's status as a prepetition creditor of the Debtor should not be an impediment to its retention by the Debtor under section 327(e) of the Bankruptcy Code. See Collier on Bankruptcy, ¶ 327.04[9][d] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("the 'disinterested' test of section 327(a) does not apply to section 327(e) because the attorney may, in fact, be a creditor of the debtor for fees related to such prepetition representation of the debtor"); see also 11 U.S.C. § 1107(b); DeVlieg-Bullard, 174 B.R. at 503 (holding that attorney proposed to be employed under section 327(e) of the Bankruptcy Code, who was owed prepetition fees, did not hold interest adverse to the debtor or its estate for the matters for which it was to be retained under the "more relaxed conflict-of-interest standard" of section 327(e) of the Bankruptcy Code).

T.    Based on the foregoing and the disclosures set forth in the Lennox Certification, the Debtor submits that Jones Day does not hold or represent any interest adverse to the Debtor or the Debtor's estate with respect to the matters on which Jones Day is to be employed.

U.    For the reasons set forth herein and in the Lennox Certification, the Debtor submits that the relief requested is necessary and appropriate, in the best interest of the Debtor's estate and creditors, and should be granted in all respects.

V.    No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that this Court: (i) enter an order substantially in the form attached hereto as Exhibit C, granting the relief sought herein; and (ii) grant such other and further relief to the Debtor as the Court may deem proper.

Dated: May 5, 2011

Respectfully submitted,

Filed by:

Zais Investment Grade Limited VII
Debtor and Debtor in Possession

/s/ James N. Lawlor
James N. Lawlor
Wollmuth Maher & Deutsch LLP
One Gateway Center, Ninth Floor
Newark, New Jersey 07102
Tel: (973) 733-9200

George Bashforth
Director

PROPOSED ATTORNEY FOR DEBTOR
AND DEBTOR IN POSSESSION

---

## CERTIFICATE OF COMPLIANCE WITH D.N.J. LBR 2014-1(a)

I have complied with D.N.J. LBR 2014-1(a) by mailing a copy of this application to all the following who did not receive electronic notice from the Court: the United States Trustee, the Trustee (as applicable), the secured creditors (as applicable), the Official Committees (as applicable), the twenty (20) largest unsecured creditors (as applicable) and others requesting notice, all of whose addresses are shown on the attached service list, by overnight mail, postage prepaid, within one (1) day after filing with the Court.

Dated: May 5, 2011

/s/ James N. Lawlor
James N. Lawlor

-11-

NYI-4367512v1

## SERVICE LIST

BNYMEL/TST
No.: 00000954
Attn: Jennifer May
525 William Penn Place
Suite 153-0400
Pittsburgh, PA 15259

Brown Bros
No.: 00000010
Attn: Dorota Malkiewicz
525 Washington Blvd
Newport Tower
Jersey City, NJ 07310

CGM/SAL BR
No.: 00000274
Attn: Patricia Haller
111 Wall Street
6th FL
New York, NY 10001

Citibank
No.: 00000908
Attn: Sandra Hernandez
3800 Citibank Center B3-12
Tampa, FL 33610

Company Announcements Office
Irish Stock Exchange Limited
Attn: James Ferguson
28 Anglesea Street
Dublin 2, Ireland

Emmet, Marvin & Martin, LLP
Tyler J. Kandel, Esq.
Edward P. Zujkowski, Esq.
177 Madison Avenue
Morristown, New Jersey 07960
*Attorneys for The Bank of New York Mellon Trust Company, N.A.,*
*as successor indenture trustee to J.P. Morgan Chase Bank, N.A.,*
*under the indenture dated as of October 19, 2005*

Fox Rothschild LLP
Martha B. Chovanes, Esq.
Princeton Pike Corporate Center
997 Lenox Drive, 3rd Floor
Lawrenceville, NJ 08648
*Attorneys for Petitioning Creditors Anchorage Capital Master Offshore, Ltd., GRF Master Fund, L.P., and Anchorage Illiquid Opportunities Offshore Master, L.P.*

Goldman
No.: 0000005
Attn: Vanessa Camardo
30 Hudson Street
Proxy Department
Jersey City, NJ 07302

Issuer Services
C/O ADP Proxy Services
51 Mercedes Way
Edgewood, NY 11717

JPMCBNA
No.: 00000902
Attn: Philip Roy
14201 Dallas Pkwy
12th Fl
Dallas, TX 75254

Jones Day
Attn: Heather Lennox, Esq.
222 East 41st Street
New York, NY 10017

MaplesFS Limited
Attn: Directors
PO Box 1093, Boundary Hall
Cricket Square
Grand Cayman KY1-1102
Cayman Islands

Maples and Calder
Attn: John Dykstra
PO Box 309, Ugland House
South Church Street, George Town
Grand Cayman KY1-1104
Cayman Islands

MLPFS/FIX
No.: 00000773
Attn: Ronnie O'Neill
101 Hudson Street
Jersey City, NJ 07747

Moody's Investor's Service
Attn: CBO/CLO Monitoring
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Natixis Financial Products LLC
Attn: Swaps Administration
9 West 57th Street
36th Floor
New York, NY 10019

Registrar General/Registrar of Companies
Ground Floor, Citrus Grove Building,
Goring Ave.,
George Town, Grand Cayman

SSB&T CO
No.: 00000997
Attn: Karen Johndrow
1776 Heritage Drive
North Quincy, MA 02171

Standard & Poor's
Attn: Asset-Backed Surveillance Group-CBO/CLO
Structured Finance Ratings
55 Water Street, 41st Floor
New York, NY 10004

United States Trustee
Office of the United States Trustee
Attn: Mitchell B. Hausman, Esq.
One Newark Center
1085 Raymond Boulevard
Suite 2100
Newark, NJ 07102

WELLS BKNA
No.: 00002027
Lacey Peterson
733 Marquette Avenue
MAC N9306-057, 5TH FL
Minneapolis, MN 55479

White & Case, LLP
Thomas MacWright, Esq.
1155 Avenue of the Americas
New York, NY 10036-2787
*Counsel to Petitioning Creditors Anchorage Capital Master Offshore, Ltd., GRF Master Fund, L.P., and Anchorage Illiquid Opportunities Offshore Master, L.P.*

John M. August, Esq.
Herrick, Feinstein LLP
One Gateway Center
Newark, New Jersey 07102
*Counsel to ZAIS Group, LLC*

4