**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   ZAIS INVESTMENT GRADE
         LIMITED VII

                                                Chapter 11
                                                Case No. 11-20243 (RTL)

         Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## MEMORANDUM OPINION

**APPEARANCES:**

**WOOLMUTH, MAHER & DEUTSCH LLP**
James N. Lawlor, Esq.
Attorneys for Debtor

**UNITED STATES DEPARTMENT OF JUSTICE**
Mitchell B. Hausman, Esq.
Attorney for Roberta A. DeAngelis, United States Trustee

**FOX ROTHSCHILD LLP**
Richard M. Meth, Esq.
Attorneys for Anchorage Capital Master Offshore, Ltd., GRF Master Fund, L.P., Anchorage
Illiquid Opportunities Master Offshore, L.P., and Anchorage Capital Group, L.L.C.

**RAYMOND T. LYONS, U.S.B.J.**

The Debtor moved for reconsideration of an order denying the Debtor's application to retain Maples and Calder as Special Cayman Islands Counsel to the Debtor. The United States Trustee objected to the application because she believes that the Cayman Islands attorneys have a conflict of interest. The court initially denied the application because the need for special counsel was not apparent, but did not rule on the conflict of interest issue. Having reconsidered the matter the court finds that Maples and Calder does not have an actual conflict of interest just because

MaplesFS, a related company, provides directors for the Debtor.   However, the Debtor has not demonstrated a need for Cayman Islands counsel in connection with the case.   Upon reconsideration the application is denied.   Nevertheless, the Debtor may utilize Maples and Calder for legal services not related to the bankruptcy case such as routine corporate matters related to maintaining corporate registration and the like.

The Debtor is a Cayman Islands corporation that has no employees and conducts no business in the Cayman Islands.   The Debtor's operations consist of collecting money from securities it holds through a trustee in New York and disbursing those collections among the holders of notes issued by the Debtor.   The Debtor has two directors who are located in the Cayman Islands and whose primary function is to maintain the corporate existence of the Debtor.   A service firm, MaplesFS, provides those directors who are officers of MaplesFS. The Debtor's equity shares are held by a Cayman Islands entity affiliated with MaplesFS, however, under no circumstances will the shareholders ever receive any economic benefit from the Debtor's activities.   The law firm, Maples and Calder, share common ownership with MaplesFS.   Their practice of providing legal representation and corporate administrative services through related entities is common in the Cayman Islands.

In the involuntary chapter 11 case, senior noteholders who were also the petitioning creditors have proposed a plan of reorganization.   Junior noteholders object to confirmation of the plan.   The Debtor, through its directors, takes no position regarding the bankruptcy case and the plan of reorganization.   It considers this a dispute among the noteholders and has remained neutral.

The Debtor has argued that it may need an attorney in the Cayman Islands to advise it in connection with the bankruptcy case.   In its application, the Debtor disclosed that the Cayman

Islands counsel reviewed the pleadings filed in this bankruptcy case including the proposed plan. It is unclear why the Debtor would request such services. Initially, the court saw no need for Cayman Islands counsel for the Debtor in connection with the case in light of the limited role, neutral position and lack of economic interest by the Debtor. There is no reason to change that position. The Debtor has able bankruptcy counsel in the United States. If there are particular issues of Cayman Islands' law related to the bankruptcy case, the Debtor has not identified them.

The petitioning creditors and plan proponents also argue that the court should approve the Debtor's retention of Cayman Islands attorneys because issues of Cayman Islands' law may arise in connection with the bankruptcy case. The court believes that if the petitioning creditors/plan proponents see the need for Cayman Islands counsel they may seek that advice on their account.

The Debtor may need the services of an attorney in the Cayman Islands to continue its registration and perform routine corporate functions as was done prior to the filing of this bankruptcy case. This court is of the opinion that court approval is not required for the Debtor to engage Cayman Islands counsel for such non-bankruptcy legal services and to compensate the professional in accordance with prior practices. See, *In re Napolean,* 233 B.R. 910 (Bankr. D.N.J. 1999).

The United States Trustee maintains that Maples and Calder have a conflict of interest because their affiliate provides the independent directors for the Debtor. She hypothesizes that the Debtor may wish to investigate the prepetition activities of the directors to determine if it has a claim against the directors. Special counsel may not hold or represent any interest adverse to the debtor or the estate. 11 U.S.C. § 327(e). An actual conflict of interest will disqualify counsel, per se; a potential conflict may be disqualifying in the court's discretion; but the appearance of conflict alone is not disqualifying. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 476

(3d Cir. 1998). No one has identified any improper actions by the directors that might lead to a claim by the Debtor. To the contrary, the directors' role is so limited it is difficult to see how any claim could arise so long as they maintain the corporate charter. There is no actual conflict of interest and the court sees little or no potential for a conflict of interest. Therefore, the court overrules the objection by the United States Trustee to the Debtor's application to retain Maples and Calder. Nevertheless, no need has been demonstrated by the Debtor for Special Cayman Islands Counsel in connection with the bankruptcy case. Therefore, the Debtor's application is denied.

Dated:  September 26, 2011           **/S/Raymond T. Lyons**
                                      United States Bankruptcy Judge